JAMES v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 11, 1909.)

No. 2,778.

LARCENY (§ 40*)—VARIANCE—DESIGNATION OF OWNER OF PROPERTY.

Under an indictment charging the theft of a horse from "S. K. Canady," proof that the name of the owner was "S. K. Kennedy" did not constitute a fatal variance, where there was no claim that there were persons by both names, by reason of which the defendant could have been misled.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. § 120; Dec. Dig. § 40.*]

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 7 Ind. T. 250, 104 S. W. 607.

J. E. Whitehead, for plaintiff in error.

William J. Gregg, U. S. Atty., and Frank Lee, Asst. U. S. Atty.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

PER CURIAM. The defendant, Charley James, who is plaintiff in error, was indicted in the United States Court in the Indian Territory, Central District, for stealing a horse. The indictment charged that the horse was owned by one S. K. Canady. The proof showed that it was owned by one S. K. Kennedy. The only assignment of error pressed upon us is that such proof disclosed a fatal variance from the allegation. To this we cannot give our assent. The names "S. K.

Canady" and "S. K. Kennedy" sound so much alike when spoken colloquially as to be distinguishable only by the keenest attention. The rule *idem sonans* applies. There being no claim that any one by the name of "Canady," as distinguished from "Kennedy," owned the stolen horse, the defendant was not misled by the misspelling.

The judgment of the Court of Appeals in the Indian Territory, affirming the judgment of conviction, is accordingly affirmed.